T.C. Memo. 1996-17


UNITED STATES TAX COURT


GREGORY SUMMERS AND JUSTINE SUMMERS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16175-93.                    Filed January 22, 1996.


        Before trial, the parties negotiated a settlement
specifying the manner of resolving this case.  Ps now
seek to raise an issue as to the amount of income
subject to self-employment tax.  This issue was not
raised or preserved by Ps in the pleadings or the
stipulated settlement agreement.  <u>Held</u>:  The issue
raised by Ps is a new issue that is not before the
Court.


<u>Michael Weitzner</u>, for petitioners.

<u>James B. Biagi</u>, for respondent.


MEMORANDUM OPINION

LARO, <u>Judge</u>:  This matter is before the Court on

respondent's motion for entry of decision in accordance with a

stipulation of settlement (the Stipulation) filed June 13, 1994.

We must decide whether the subject decision should reflect less

self-employment tax than determined by respondent.  We hold that

it should not.   Section references are to the Internal Revenue
Code in effect for the years in issue.

Background

Petitioners resided in New Jersey when they petitioned the
Court.  During the relevant years, Gregory Summers was a general
partner in Summers & Co.  Summers & Co. provided professional
accounting and computer services.

Respondent issued petitioners a notice of deficiency (the
Notice) on April 26, 1993.  The Notice reflected respondent's
determination that petitioners did not file a Federal income tax
return for 1984 or 1985, and that petitioners' taxable income for
those years was $166,778 and $119,972, respectively.  In relevant
part, respondent determined the following items and amounts of
income:

|  | 1984 | 1985 |
|---|---|---|
| Schedule C--Summers & Co | $65,907 | $44,834 |
| Schedule E--Summers & Co | 100,812 | 85,730 |
| Partnership losses: |  |  |
|     Summit Equities | (4,195) | --- |
|     CCA | ( 59) | ( 474) |

In their petition, petitioners allege error with respect to all
of these amounts, except for the partnership losses.

The Notice also states that petitioners are liable for
self-employment tax with respect to 1984 and 1985 self-employment
income of $37,800 and $39,600, respectively.[1]  In their petition,

---

[1] These amounts are the maximum amounts of self-employment
(continued...)

petitioners did not allege error with respect to this determination.

The stipulation provides:

> THE PARTIES HEREBY stipulate to the following terms of settlement for all of the issues in the above-captioned case.  This stipulation disposes of all the issues related to petitioners' tax liability for the 1984 and 1985 tax years. * * * The parties stipulate to the following adjustments as reflected in the statutory notice of deficiency.
>
> *       *       *       *       *       *       *
>
> 2.    Petitioners are not required to report Schedule C gross receipts in the amounts of $65,907.00 for 1984 and $44,834.00 for 1985.  Instead, petitioners are required to report Schedule C gross receipts in the amounts of $41,857.00 for 1984 and $33,198.00 for 1985. The gross receipts in both 1984 and 1985 were derived from petitioner's, Gregory Summers, accounting business.  The gross receipts for both 1984 and 1985 are subject to self-employment tax.
>
> 3.    Petitioners are not required to report Schedule E taxable income from Summers & Co, in the amounts of $100,812.00 for 1984 and $88,730.00 for 1985.  Instead, petitioners are required to report Schedule E taxable income from Summers & Co. in the amounts of $81,015.00 for 1984 and $40,134.00 for 1985. These adjustments are attributable to petitioners' distributive share of Summers & Co. partnership income.
>
> 4.    Petitioners are entitled to deduct Schedule E partnership losses in the amounts of $4,254.00 for the taxable year 1984 and $474.00 for the taxable year 1985, as stated in the statutory notice of deficiency.
>
> *       *       *       *       *       *       *
>
> THE PARTIES AGREE to this stipulation of settled issues.

---

[1] (...continued) income that is subject to the self-employment tax for those years.  Sec. 1402(b).

Respondent submitted to the Court a decision document (the Document) that she claims is in accordance with the Stipulation. By Order dated November 30, 1995, the Court directed petitioners to respond to the Document. Petitioners allege in their response that the 1984 self-employment tax shown in the Document is wrong. Petitioners allege in their response that their 1984 self-employment income equals the $41,857 of receipts shown in the Stipulation, less: (1) A $3,351 loss from Summit Equities, (2) a $31,562 loss from Diamond Leasing, and (3) a $2,567 loss from AIG Investors. Petitioners allege in their response that Gregory Summers "rendered substantial personal services" to these three entities.

## Discussion

The compromise and settlement of tax cases is governed by general principles of contract law. A settlement stipulation is in essence a contract. Each party agrees to concede some rights which he or she may assert against his or her adversary as consideration for those secured in the settlement agreement. Saigh v. Commissioner, 26 T.C. 171, 177 (1956). Like contracts, stipulations of settlement bind the parties thereto to the terms thereof. Stamos v. Commissioner, 87 T.C. 1451, 1455 (1986). In determining the proper meaning of the terms, we look to the language of the stipulation and the circumstances surrounding its execution. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); see also Brink v. Commissioner, 39 T.C. 602,

606 (1962), affd. 328 F.2d 662 (6th Cir. 1964).  We will enforce a stipulation of settlement, whether filed or orally stipulated into the record, unless justice requires that we do otherwise. Adams v. Commissioner, 85 T.C. 359, 375 (1985); Sennett v. Commissioner, 69 T.C. 694 (1978); Saigh v. Commissioner, 26 T.C. 171, 177 (1956).

Petitioners ask the Court to enter a decision that reflects their claim that their 1984 self-employment income equals an amount not shown in the Stipulation.  We refuse to do so. Whether petitioners incurred their claimed losses, and, if they did, whether the losses were from self-employment, raises new issues that are not before the Court.  Petitioners' pleadings make no reference to these issues, and the Stipulation is silent with respect thereto.  The Stipulation does not even mention the losses that petitioners now claim to have incurred in 1984.

The Stipulation speaks for itself and shows that the parties agreed to resolve this case in the manner set forth therein.  The Stipulation, voluntarily entered in settlement of this lawsuit, must be given binding effect.  The parties struck a bargain in the Stipulation, and petitioners must live with the benefits and burdens of it.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion

for entry of decision, and decision will be entered in accordance with the Document.